Frank D. Mylar (5116)
MYLAR LAW, P.C.
6925 Union Park Center, Suite 600
Salt Lake City, Utah 84047-4141
Phone:  (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY ALLEN TUCKER, et al.** Plaintiffs, v. **CACHE COUNTY, UTAH, et al.**, Defendants. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** Case No. 1:11-CV-00142 DB Judge Dee Benson |

DEFENDANTS through their attorney, Frank D. Mylar, respectfully submit this memorandum in support of their Motion for Judgment on the Pleadings.  Defendants' motion should be granted based upon the pleadings, the affidavits of Jail Commander Doyle Peck and Sergeant Shannon George, their exhibits, and the following arguments:

## INTRODUCTION

Plaintiffs,[1] a group of present and past inmates at Cache County Jail claim the jail correspondence policy violates their constitutional rights.  Plaintiffs' claim that this correspondence policy requires all incoming and outgoing mail to be written on postcards that cannot be enclosed in envelopes.  While this statement is not correct, the remaining Plaintiffs' claims must be dismissed

---

[1] The only non-prisoner, Bert Sainsbury, voluntarily dismissed all of his claims.

because they failed to exhaust all of their available remedies under the Cache County Jail policies as required by the *Prison Litigation Reform Act*, 42 U.S.C. § 1997e(a)

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff Jeffrey Allen Tucker is currently incarcerated at the Cache County Jail. (Pls.' Memorandum In Support of TRO/Prelim. Inj., Docket No. 8, ¶ 1).

2. Plaintiff Jesus Cabrera was incarcerated at Cache County Jail from November 2010 through May 2011. (*Id.*, ¶ 2).

3. Plaintiff Barry Snyder was also incarcerated at Cache County Jail. (*Id.*, ¶ 3).

4. Defendant Cache County is a governmental subdivision of the State of Utah.

5. Defendant Sheriff G. Lynn Nelson is the elected Sheriff of Cache County, and head of the Cache County Sheriff's Office. He exercises overall responsibility for the policies and practices of Cache County Jail. (*Id.*, ¶ 6).

6. Defendant Doyle Peck is an employee of the Cache County Sheriff's Office, and the Commander of Cache County Jail. In this role, he is an administrator for Cache County Jail. (*Id.*, ¶ 8).

7. Commander Doyle has over 14 years of experience in law enforcement as a Utah State Peace Officer Standards and Training (P.O.S.T.) certified officer under the laws of the State of Utah. He is familiar with the policies and practices of the Cache County Jail. He is a Certified Jail Commander through the Utah Sheriff's Association which was an intense training course consisting of 120 hours of additional training beyond his initial Correctional Officer training. He was certified as a Corrections Officer by POST in 1997. (Affidavit of Lt. Doyle Peck, ¶ 1).

8. The Cache County Jail is an Accredited Jail through the Utah Sheriff's Association and the National Sheriff's Association. These accrediting bodies hold to the highest and most professional correctional standards in the State of Utah and throughout the country. The accreditation includes reviewing issues relating to inmate mail and visitation policies and practices that are at issue in this case. (Lt. Peck Affidavit, ¶ 3).

9. Plaintiff claim that the Jail's postcard mail policy is unconstitutional.

**Failure to Request an Exception to the Postcard Policy to the Jail Commander:**

10. In addition to other exceptions, inmates may request an exception to the postcard rule under the mail policy. Cache County Jail Policy section CJ 10/02.03(C) expressly allows inmates to request an exception in writing to the Jail Commander. Attached to and filed with this memorandum is an exact copy of this portion of the policy. (Lt. Peck Affidavit, ¶ 19).

11. The Jail commander never received a request for an exception to the policy from any of the named Plaintiffs. In fact, he did not have any significant knowledge regarding the Plaintiffs prior to this lawsuit being filed and served. In addition, he has reviewed the grievances filed by some of the inmate Plaintiffs. Of the two inmates who filed grievance appeals, Tucker and Snyder, they attacked the general policy as a whole and did not request or seek any particular exception and did not give any significant reason for attacking the policy beyond the fact that they generally claimed that the policy violated their constitutional rights. (Lt. Peck Affidavit, ¶ 20).

12. Former Plaintiff Sainsbury never filed a grievance on the postcard issue in any form, although the policy gives him the right to do so. Inmate Cabrera filed an initial general grievance, but failed to appeal the decision and, therefore, failed to exhaust his remedies. (Lt. Peck Affidavit, ¶ 21).

13. The Jail Commanders, have granted exceptions to the postcard policy. Some of the exceptions that were granted dealt with inmates whose families lived outside of Utah or the United States and could not come and visit, signing of important documents such as a will or divorce papers, an inmate or family member suffering from a terminal illness, death of a family member, a family member leaving for Iraq to serve in the United States military, etc. If an inmate was going to be confined a significantly longer period of time than what is normal or average, this could also be a possible reason for me to grant an exception under the policy. (Lt. Peck Affidavit, ¶ 22).

14. The policy that allows an inmate to request an exception to the postcard rule is in the inmate handbook and is made accessible to every inmate upon entering the Jail. In addition, the contents of the inmate handbook, including the policy allowing an inmate to request an exception to the postcard rule, is played on a closed circuit television in all of the inmate housing areas. (Lt. Peck Affidavit, ¶ 23).

**Failure to Exhaust Inmate Grievance Remedies:**

15. The Jail has a thorough grievance procedure that allows inmates to grieve or file a claim or complaint about virtually anything relating to their conditions of confinement. Sgt. Shannon George was the Grievance Coordinator for the Jail when the three inmate Plaintiffs filed their grievances relating to the postcard policy. (Lt. Peck Affidavit, ¶ 33).

16. Cache County Jail has adapted a three tiered grievance system. Inmates may grieve the conditions of their confinement for any reason. From here, a grievance officer is able to assess the grievance and either remedy the situation or deny the request. If the request is denied, an inmate may then file an appeal to the Grievance Coordinator. If this grievance appeal is denied, inmates may file a final appeal, which is reviewed by the Jail Commander, which is the final decision in the

matter.  If this final grievance appeal is denied, then the inmate will have exhausted his administrative remedies.  An exact copy of this policy is attached and filed with this memorandum and labeled as Exhibit "A."  (Affidavit of Sgt. Shannon George, ¶ 5).

17.   Based upon the official grievance records, Plaintiff Jeff Tucker filed a grievance regarding the postcard policy on February 2, 2011.  His grievance demanded the new policy be reversed, but did not state any particular reasons why this should happen, therefore, the grievance was denied.  He filed an appeal on February 4, 2011, which was denied.  Mr. Tucker filed a final appeal on February 9, 2011, which was also denied.  However, none of Mr. Tucker's grievances requested an exception to the postcard policy, which could have potentially allowed him to send a letter in an envelope if necessary, as allowed by the policy.  A copy of these grievances are attached and filed with this affidavit as Exhibit "B."  (Sgt. George Affidavit, ¶ 7).

18.   Plaintiff Barry Snyder filed a grievance regarding the postcard policy on February 2, 2011.  His grievance demanded the policy be reversed in general conclusory terms.  His initial grievance was denied. He filed an appeal on February 4, 2011, which was also denied.  Mr. Snyder filed a final appeal on February 9, 2011, which was also denied.  In all three of the Mr. Snyder's filings, he never once requested an exception to the postcard policy, that might have allowed to still send mail in an envelope.  A copy of these filings have been attached as Exhibit "D."  (Sgt. George Affidavit, ¶ 9).

19.   Plaintiff Jesus Cabrera attempted to file a grievance regarding the postcard policy on April 17, 2011. However, Mr. Cabrera incorrectly filed the grievance as an appeal, so in response jail staff explained the grievance procedure to Mr. Cabrera.  Mr. Cabrera then filed a correct grievance regarding the postcard policy on May 5, 2011.  The grievance stated in general terms that

he felt his rights were violated, but it asks for no exception to the postcard policy.  This first level grievance was the last one Mr. Cabrera filed.  A copy of these filings has been attached as Exhibit "F."  (Sgt. George Affidavit, ¶ 11).

20.     Plaintiff Cabrera failed to file an appeal regarding his grievance and, therefore, failed to exhaust his administrative remedies.  (Lt. Peck Affidavit, ¶ 34).

21.     Plaintiffs Tucker and Snyder, while they filed grievances and exhausted their appeals, they only complained very generally about the policy and sought to have the entire policy revoked or reversed.  They did not seek an exception as allowed for under the Policy CJ 10/02.03(C) nor did they provide any justification or reasons for why they should receive an exception.  Instead they generally complained that the policy was not constitutional without giving any factual support for this conclusion.  (Lt. Peck Affidavit, ¶ 35).

22.     In addition, since none of the Plaintiffs requested an exception to the policy, they failed to exhaust their available administrative remedies.   (Lt. Peck Affidavit, ¶ 36).

## ARGUMENTPLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REQUIRED BY THE *PRISON LITIGATION REFORM ACT* (PLRA)

While Plaintiffs claim in their complaint that they exhausted their administrative remedies, such is not the case.  The *Prison Litigation Reform Act* requires that "no action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The *Prison Litigation Reform Act* (PLRA), 42 U.S.C. § 1997e(a) mandates that a prisoner suit must be dismissed if he fails to exhaust all available administrative remedies.  The 1997 amendments to the act clarified that the exhaustion requirement is a mandatory prerequisite to suit.  *Garrett v.*

*Hawk*, 127 F.3d 1263 (10th Cir. 1997).  Such is true regardless of whether a remedy for monetary relief is provided in the administrative process.  Further, the U.S. Supreme Court in *Porter v. Nussle*, 534 U.S. 516, 524 (2002) and *Booth v. Churner*, 532 U.S. 731, 741 (2001), held that exhausting administrative remedies is a "prerequisite to suit" for any federal cause of action arising out of prison conditions.

> The High Court further clarified a few years ago,
>
>> The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of the proper exhaustion.

*Jones v. Bock*, 127 S.Ct. 910, 923 (2007).  The Court further favorably cited a previous Supreme Court decision of the prior year, *Woodford v. Ngo*, 548 U.S. 81 (2006).  *Woodford* ruled that a prisoner who failed to file a timely grievance or otherwise files a procedurally defective grievance or appeal cannot satisfy the PLRA.  *Id at 83-84*.  Consistent with this ruling, the Tenth Circuit Court of Appeals ruled prior to *Woodford* that a prisoner who failed to file an "Administrative Remedy Request" within 20 days of the date on which the basis for the request occurred, cannot be said to have exhausted his administrative remedies within the meaning of the PLRA.  *Patel v. Fleming, 415 F.3d 1105, 1109-10 (2005)*.  These cases demonstrate that the a prisoner must strictly follow and comply with all grievance procedures of a particular jail or prison before he can be said to have exhausted his administrative remedies.

In this case, Plaintiffs' failed to exhaust at least two separate administrative remedies.  First, the main avenue for a prisoner is the grievance procedure.  Second, in this case, the postcard policy itself provides for inmates to request an exception to the policy directly to the Jail Commander.

Cache County Jail employs a three tiered grievance system consisting of (1) initial grievance, (2) appeal of that grievance, and (3) final appeal. If an inmate feels that a jail policy infringes on a constitutional right, the grievance system gives the inmate an opportunity to express this perceived violation, and give the jail an opportunity to remedy the wrong if it feels it exists.

Plaintiff Cabrera properly filed an initial grievance, but failed to appeal the initial denial of his grievance. (Lt. Peck Aff., ¶ 34). This alone is evidence that he did not exhaust his administrative remedies. Additionally, Mr. Cabrera's grievance very generally complained that the postcard policy restrained his communication with family, clergy and other support systems. Cache County Jail denied this request for the same reasons as the other Plaintiffs because other means of communication exist and the inmates requested a complete reversal of the policy. Plaintiff did not raise the specific facts of their grievance that they now claim in this lawsuit through their affidavits. In addition, since Mr. Cabrera only filed one first level grievance and did not appeal, he never exhausted his administrative remedies, and all of his claims must be dismissed under the PLRA.

Plaintiff Tucker filed an initial grievance, an appeal, and a final appeal. All of which demanded a reversal of the postcard policy. (Lt. Peck Aff., ¶ 35). However, Plaintiff Tucker's grievance generally complained that the postcard policy completely prohibited him from private communication with his family. Cache County Jail denied these grievances stating Mr. Tucker still had other avenues of private communication available to him, which is true. See Lt. Peck Affidavit, paragraph 35 and Sgt. George Affidavit, paragraphs 7 and 9. Mr. Tucker failed to raise the specific problems that he complains of in this suit through his affidavit. Therefore, Mr. Tucker did not exhaust his administrative remedies under the terms of the postcard policy, and his participation in the suit is barred by the PLRA.

Similarly, Plaintiff Snyder filed all three levels of grievances, demanding a generalized reversal of the postcard policy. Cache County Jail likewise denied these requests, because he had other avenues of communication available. Mr. Snyder's grievances generally and vaguely complained that his communication with friends and family was substantially limited and not private. He also failed to raise the particular concerns which he now raises in this suit and, therefore, he never specifically grieved the specific issues of this lawsuit. Therefore, Mr. Snyder did not exhaust his administrative remedies under the postcard policy, and his participation in the suit is barred by the PLRA.

Finally, none of the Plaintiffs requested an exception to the policy to the Jail Commander as allowed expressly in the postcard policy. (Lt. Peck Aff., ¶ 20). "Any inmate may specifically request an exception to the postcard rule under the mail policy. Cache County Jail Policy section CJ 10/02.03(C) expressly allows inmates to request an exception in writing to the Jail Commander." (Lt. Peck Aff., ¶ 19). All three Prisoner Plaintiffs were free to submit a written request for an exception at any time to the Jail Commander, but failed to do so. Other inmates have successfully obtained exceptions for various reasons under the policy. (Lt. Peck Aff., ¶ 22). This could have potentially allowed Plaintiffs to obtain exceptions based upon the reasons they now state in their affidavits in support of their motion for injunctive relief. The law, however, required that the Jail first be given the opportunity to address these issues. Failing to allow the Jail to address these issues is fatal to their claims, requiring dismissal.

Finally, akin to the failure to exhaust argument is the fact that the Plaintiffs failed to avail themselves of relief provided for in the policy deprives them of standing to assert any claims that the postcard policy is unconstitutional. The Court cannot provide an advisory opinion as to the policy,

9

speculating as to whether the Plaintiffs would have been denied an exception if they had sought an exception from the Jail Commander. Therefore, the failure to request an exception also deprives the Plaintiffs of standing and this suit must be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**: Since Plaintiffs failed to exhaust their remedies under the grievance policy and failed to request an exception to the postcard policy as expressly provided for in the policy, their claims are barred by the *Prison Litigation Reform Act* (PLRA) and the Plaintiffs lack standing to assert that the policy is unconstitutional.

Dated this 14th day of October, 2011.

/s/ *Frank D. Mylar*
_____
Frank D. Mylar
Attorney for Defendants

# **ATTACHED EXHIBITS**

<u>Exhibits Attached to Sgt. Shannon George's Affidavit</u>

**Exhibit A:**   **Cache County Jail Grievance Policy**

**Exhibit B:**   **Grievances filed by Inmate Tucker**

**Exhibit C:**   **Tucker Mail Logs**

**Exhibit D:**   **Inmate Snyder Grievances**

**Exhibit E:**   **Snyder Mail Logs**

**Exhibit F:**   **Grievances filed by Inmate Cabrera**

**Exhibit G:**   **Cabrera Mail Logs**

<u>Exhibit Attached to Lt. Doyle Peck's Affidavit</u>

**Exhibit H:**   **Cache County Jail Mail Policy**